## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **INTERMETAL REBAR LLC,**                ) | |

INTERMETAL REBAR LLC,            )

                           **Plaintiff,**   )

                           **v.**   )     **Court No. 20-00167**

**UNITED STATES,**   )

                          **Defendant.**   )

## COMPLAINT

Plaintiff, Intermetal Rebar LLC (hereinafter "Intermetal"), alleges, as follows:

## PARTIES

1.     Intermetal is a company organized and existing under the laws of the United States, with its principal place of business in Miami, Florida.

2.     Intermetal purchased and entered into the United States shipments of steel products from Turkey in 2018 and 2019.  Those shipments were subject to Presidential Proclamations that imposed 50% ad valorem tariff on Intermetal's shipments of steel from Turkey.

3.     Intermetal is the party that filed protests underlying entries subject to this action.

4.     Defendant United States, through its agency, U.S. Customs and Border Protection ("CBP"), is responsible for collecting duties on merchandise entered into the United States, including and specifically the 50% ad valorem tariffs under HTSUS 9903.80.02 on steel products imported in the subject entries by Intermetal.

## JURISDICTION & STANDING

5.      This action is brought under 28 U.S.C. § 1581(a), 28 U.S.C. §§ 1581(i)(1)(B) and

(D).

6.      Intermetal has standing under 28 U.S.C. § 2631.

7.      The action is timely under 28 U.S.C. § 2636.

8.      This Court possesses exclusive jurisdiction of this action under 28 U.S.C. §

1581(a) because this action was commenced to contest the denial of a protest under 19 U.S.C. §

1514.

9.      Intermetal has standing to bring this action pursuant to 28 U.S.C. § 2631(a).

10.      This action arises under: 19 U.S.C. § 1514(a)(2), to contest the classification and

rate and amount of duties chargeable; 19 U.S.C. § 1514(a)(3), to contest CBP's charge and

exaction of duties against Intermetal under Section 232 of the Trade Expansion Act of 1962 (19

U.S.C. § 1862); and 19 U.S.C. § 1514(a)(5), to contest CBP's liquidation of entries with

application of duties against intermetal under Section 232 of the Trade Expansion Act of 1962

(19 U.S.C. § 1862).

11.      The Court also has exclusive jurisdiction under 28 U.S.C. § 1581(i)(1)(B) and

(D), which provide that:

(i)

1.  In addition to the jurisdiction conferred upon the Court of International Trade by
    subsections (a)–(h) of this section and subject to the exception set forth in
    subsection (j) of this section, the Court of International Trade shall have exclusive
    jurisdiction of any civil action commenced against the United States, its agencies, or
    its officers, that arises out of any law of the United States providing for—

    ….

(B)      tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

….

or

(D)      administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)–(h) of   this section.

12.     Intermetal also has standing to bring this action pursuant to 28 U.S.C. § 2631(i).

13.     Intermetal has standing to challenge Defendant' unlawful acts in adopting and implementing the Steel Proclamation on Turkey.  Intermetal is an importer of steel products from Turkey whose imports are covered by the subject Proclamation on Turkey, and is therefore adversely affected by agency action within the meaning of 5 U.S.C. § 702.

14.     As a result of Proclamations issued by the President of the United States on March 8, March 22, May 31, and August 10, 2018, Intermetal has standing as it was subject to 25% tariffs on articles of steel from all countries – assessed in addition to 25% tariffs on steel articles from Turkey.

15.     This action was also timely commenced in accordance with 28 U.S.C. § 2636(i).

16.     A summons commencing this action was timely filed on September 1, 2020.

## **STATEMENT OF FACTS**

17.     Section 232 of the Trade Expansion Act of 1962 ("Section 232") authorizes the President to impose restrictions on certain imports following an investigation that concludes that the targeted products are being imported into the United States "in such quantities or under such circumstances as to threaten to impair the national security." 19 U.S.C. § 1862 (c)(1)(A).

18.     The U.S. Department of Commerce ("Commerce") is the agency responsible for

initiating and conducting an investigation under Section 232.  The agency then provides findings and recommendations to the President of the United States.

19.     On January 11, 2018, Commerce submitted a report to the President containing its findings and recommendations on steel imports.  The report was titled *The Effect of Imports of Steel on the National Security* , and is referred to herein as the "Steel Report." The Steel Report is available at:

https://www.commerce.gov/sites/commerce.gov/files/the_effect_of_imports_of_steel_on_the_na tional_security_-_with_redactions_-_20180111.pdf.

20.     On March 8, 2018, the President issued a Proclamation Number 9705, titled "Adjusting Imports of Steel Into the United States," which imposed 25% ad valorem tariffs on U.S. imports of certain steel products from *all* countries pursuant to Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. § 1862). See 83 Fed. Reg. 11625, 11625 (Mar. 15, 2018) ("*First Steel Proclamation*").

21.     Proclamation Number 9705 indicated that "[f]or the purposes of this proclamation, 'steel articles' are defined at the Harmonized Tariff Schedule (HTS) 6-digit level as: 7206.10 through 7216.50, 7216.99 through 7301.10, 7302.10, 7302.40 through 7302.90, and 7304.10 through 7306.90, including any subsequent revisions to these HTS classifications."

22.     Proclamation Number 9705 applied to "goods entered, or withdrawn from warehouse for consumption, on or after 12:01 a.m. eastern daylight time on March 23, 2018."

23.     On August 10, 2018, the President issued new Proclamation Number 9772, titled "Adjusting Imports of Steel Into the United States," which imposed a 50% *ad valorem* duty on steel articles imported from Turkey *and from no other country*, effective as of August 13, 2018. *See Adjusting Imports of Steel Into the United States, Proclamation* 9772 of August 10, 2018, 83

Fed. Reg. 40429 (Aug. 15, 2018) ("*Steel Proclamation on Turkey*" or "*Fifth Steel Proclamation*").

24.     Proclamation Number 9772 applied to "goods entered for consumption, or withdrawn from warehouse for consumption, on or after 12:01 a.m. eastern daylight time on August 13, 2018."

25.     While the March 8, 2018 proclamation addressed steel imports globally, the *Steel Proclamation on Turkey* had the effect of doubling the 25% tariff on steel articles from only that country.  Tariffs on all other steel imports from worldwide sources remained unchanged, at 25%.

26.     CBP began requiring importers of steel from Turkey to pay a 50% *ad valorem* duty on steel articles based upon the President's August 10th, 2018 Proclamation.

27.     Intermetal's shipments of steel articles from Turkey were entered for consumption from September 7, 2018 through March 28, 2019, were classified under HTSUS 7216.21.00, and were subject to 50% ad valorem duties at entry, per Presidential Proclamation 9772.

28.     Protests and requests for accelerated disposition were filed timely on entries subject to the 50% ad valorem duty on steel articles from Turkey.  Intermetal's protests were later deemed denied by CBP.  See **Exhibit 1**.

29.     Specific entry, liquidation, protest (with protest number) and protest denial dates are included in the table directly below, for reference.

| Entry No. | Entry Date | Liq. Date | Protest No. | Protest Date | Denial Date |
|---|---|---|---|---|---|
| 92L-00039739 | 9/12/2018 | 8/8/2019 | 5301-20-102026 | 2/4/2020 | 3/5/2020 |
| 92L-00039721 | 9/7/2018 | 8/9/2019 | 5301-20-102026 | 2/4/2020 | 3/5/2020 |
| 92L-00041776 | 2/23/2019 | 1/17/2020 | 5301-20-102026 | 2/4/2020 | 3/5/2020 |
| 92L-00042352 | 3/28/2019 | 2/21/2020 | 5301-20-103892 | 5/20/2020 | 6/20/2020 |

30.     All duties, taxes and fees, including 50% ad valorem duties applied pursuant to Presidential Proclamation 9772, were paid prior to the filing of the summons in this case.

31.     The United States Court of International Trade (the "Court") issued Slip. Op. 20-98 on July 14, 2020. *Transpacific Steel LLC, Borusan Mannesmann Boru Sanayi Ve Ticaret A.S., Et. AL v. United States Et Al.*, Court Number 19-00009 ("*Transpacific Steel*"). The Court found that it had jurisdiction under 28 U.S.C. § 1581(i), and ruled on four primary claims: 1. whether the President violated Section 232's Procedural Requirements, 2. whether the President exceeded his authority by issuing a proclamation purported to lack a nexus to national security, 3. equal protection and 4. Constitutional due process. See *Slip Op. 20-98.* Like Intermetal, Plaintiffs in that case were importers of steel from Turkey and paid 50% duties on its goods at entry. See Slip Op. 20-98 at 2.

32.     The President's actions violated procedural requirements under Section 232. Relevant to this first claim, the Court noted that the language of the statute is clear: "[a]fter receiving a report from the Secretary, '[w]ithin 90 days,' and if the President concurs, he she shall 'determine the nature and duration of the action that, in the judgment of the President, must be taken to adjust the imports.' 19 U.S.C. § 1862(c)(1)(A). Then the President 'shall implement that action by no later than the date that is 15 days after' the determination to take action is made." See id. at 7-8. The Court found that Proclamation 9772 "was issued far beyond this temporal window." Id. at 8. The President exceeded his authority in issuing Proclamation 9772 outside of the temporal limits required by Section 232." Id. at 11.

33.     Intermetal was harmed because the President acted outside his authority. The Court in *Transpacific Steel* found that is evident "that the President acted beyond the procedural limitations set forth in the statute in issuing Proclamation 9772, rending his action ultra vires. Id.

at 12.  The Court stated that "[i]n addition to acting outside of the time limitations as noted above, he acted without a proper report and recommendation by the Secretary on the national security threat posed by imports of steel products from Turkey."  Id.  The CIT further noted that the "Steel Report assesses the impact of steel imports in the aggregate on national security and makes no finding regarding Turkey, specifically" and held that there was no procedurally proper finding of a national security threat and as such, the President "was not empowered under Section 232 to Issue Proclamation 9772."  Id. at 13-14.

34.     Proclamation 9772 denies Intermetal equal protection of the law.  *Transpacific Steel* Court held that Section 232 does not ban the President from addressing concerns by focusing on particular exporters, but the decision to increase the tariffs on imported steel products from Turkey, and Turkey alone, without any justification, is arbitrary and irrational." Id. at 18.  The Court further indicated that there is "no apparent reason to treat importers of Turkish steel products differently from importers of steel products from any other country listed in the Steel Report.  The status quo under normal trade relations is equal tariff treatment of similar products irrespective of country of origin [citation omitted]. Although deviation from this general principle is allowable, such deviation cannot be arbitrarily and irrationally enforced in a way that treats similarly situated classes differently without permissible justification."  Id. at 19-20.  The Court then concluded that "Proclamation 9772 denies Plaintiffs the equal protection of the law."  Id. at 20.

35.     Intermetal should be afforded minimum due process under the Constitution's Due Process Clause.

36.     In addition, on December 3, 2019, a separate action was commenced with the Court with regard to 25% global steel tariffs imposed and adjusted by multiple Presidential

Proclamations, including Proclamation 9705, issued March 8, 2018, on all imported steel articles from all countries except Canada and Mexico, effective March 23, 2018, case number 1:19-cv-00209-GSK-MMB-LMG (*Universal Steel Products Et. Al. v. The United States, Et. Al.* – hereinafter *"Universal Steel"*).  Intermetal has standing to make claims made in *Universal Steel* because Intermetal, too, was subject to payment of duties on steel products under Proclamation 9705.

37.     The Steel Report is subject to review under the Administrative Procedure Act, 5 U.S.C. § 701-706 ("APA").  The findings of the Steel Report that steel imports threaten to impair national security are arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law.  The Steel Report is in excess of statutory jurisdiction, authority or limitations under Section 232, and the Steel Report's findings are unsupported by substantial evidence.  The Steel Report failed to limit the duration of recommended import restrictions and to abide by the mandatory requirements of Section 232.  Because the President lacks the authority to proclaim import restrictions under Section 232, absent a valid report by the Secretary of Commerce, the Steel Report cannot support the President's proclamations under Section 232.

38.     The Presidential Proclamations under Section 232 which involve steel, including Proclamation 9705, are invalid because they are not supported by a valid report and recommendations of the Secretary of Commerce as required by Section 232.  The President's interpretations of Section 232 are arbitrary and irrational and contrary to law.  Further, the subject proclamations failed to specify the duration of these measures, a violation of the requirements of Section 232.

39.     The President fundamentally misinterpreted Section 232 by failing to base his determination upon a finding that imports of steel constitute an impending threat to impair the

national security of the United States.

40.     Proclamation 9759 is contrary to law and unauthorized by Section 232 because it fails to comply with mandatory conditions in the statute.   Tariffs on the European Union countries, Canada and Mexico were proclaimed earlier than 180 days after the announcement of the President's decision, contrary to the requirements of Section 232.

## STATEMENT OF CLAIMS

### COUNT I

41.     Intermetal incorporates by reference paragraphs 1 - 40 of this Complaint.

42.     Presidential Proclamation 9772 is in violation of Section 232 procedural requirements because the Proclamation was issued well beyond the allowable timeframe under the 232 statute - 19 U.S.C. § 1862.   The statute does not support continuing authority to modify Proclamations outside of the stated timelines, and the President exceeded his authority in issuing Proclamation 9772 outside of the time limits under the 232 statute.

### COUNT II

43.     Intermetal incorporates by reference paragraphs 1 - 42 of this Complaint.

44.     The President exceeded his authority by issuing a proclamation purported to lack the necessary nexus to national security, and thus acted beyond the procedural limitations set forth in the statute when he issued Proclamation 9772.   The President was without authorization under Section 232 to Issue Proclamation 9772, rendering his action ultra vires.

### COUNT III

45.     Intermetal incorporates by reference paragraphs 1 - 44 of this Complaint.

46.     The President's decision to increase the tariffs on imported steel products from Turkey, and Turkey alone, without any justification, is arbitrary under the Constitution's Fifth

Amendment Equal Protection provision.  Proclamation 9772 denies Intermetal equal protection of the law under the Constitution's Fifth Amendment.

## COUNT IV

47.     Intermetal incorporates by reference paragraphs 1 - 46 of this Complaint.

48.     Proclamation 9772 violates the Constitution's Due Process Clause.  The 50% tariffs collected by CBP on Intermetal's entries represent a property interest which was violated by the combination of Presidential Proclamation 9772 and CBP's collection of the tariffs at issue here.

## COUNT V

49.     Intermetal incorporates by reference paragraphs 1 - 48 of this Complaint.

50.     The Steel Report is subject to the Administrative Procedure Act, 5 U.S.C. § 701-706.  Commerce's Steel Report findings are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the APA.  The President was not authorized to proclaim import restrictions under Section 232 absent a valid report by the Secretary of Commerce and as such, Presidential Proclamation 9705 must be set aside.

## COUNT VI

51.     Intermetal incorporates by reference paragraphs 1 - 50 of this Complaint.

52.     The subject Presidential Proclamations, including Proclamation 9705, are unsupported by a valid report and recommendations of the Secretary of Commerce as required by Section 232.  The Proclamations are arbitrary and irrational, and failed to specify the duration of measures taken, in violation of the requirements of Section 232.

## COUNT VII

53.     Intermetal incorporates by reference paragraphs 1 - 52 of this Complaint.

54.     The President misinterpreted Section 232 by failing to base his determination upon finding that imports of steel constitute an impending threat to impair the national security of the United States.  Proclamations, including 9705, imposing 25% global steel tariffs, must be set aside.

## COUNT VIII

55.     Intermetal incorporates by reference paragraphs 1 - 54 of this Complaint.

56.     The increase on tariffs from Turkey to 50% ad valorem were proclaimed more than 90 days after the Steel Report was delivered to the President.  As such, those tariffs were not in accordance with statutory requirements under Section 232, and should be struck down.

## COUNT IX

57.     Intermetal incorporates by reference paragraphs 1 - 56 of this Complaint.

58.     Collection of 50% duties on steel products from Turkey at U.S. entry under HTSUS 9903.80.02 was improper, as per CIT Slip Opinion 20-98, issued July 14, 2020.

## REQUEST FOR JUDGMENT AND RELIEF

WHEREFORE, Intermetal requests the Court to enter judgment in favor of Intermetal:

a.  holding that collection of 50% duties on Intermetal's shipments from Turkey was improper, and that these goods should not have been subject to collection of 50% steel tariffs.

b.  holding that collection of the amount of 25% duties on Intermetal's shipments from Turkey would be improper, and that these goods are not subject to collection of 25% steel tariffs.

c.  directing CBP to reliquidate the subject entries and issue refunds of the excess Customs

duties plus all applicable interest assessed on Intermetal's entries; and

d.  granting Intermetal such other relief as the Court deems just and appropriate under the circumstances.

Dated:  September 1, 2020

Respectfully submitted,

/s/ Robert D. DeCamp
Robert D. DeCamp
**Sandler, Travis & Rosenberg, P.A.**
551 Fifth Avenue, Ste. 1100
New York, NY 10176
Tel. 212-883-1300; 212-549-0141 (direct)
rdecamp@strtrade.com

/s/ Michael S. O'Rourke
Michael S. O'Rourke
**Sandler, Travis & Rosenberg, P.A.**
551 Fifth Avenue, Ste. 1100
New York, NY 10176
Tel. 212-883-1300; 212-549-0150 (direct)
morourke@strtrade.com

# EXHIBIT 1



Search Protest ()

Protest Number

530120102026

Protest Status

Date Received From

Date Received To

Issue

AD/CVD
Bonded Warehouses
Bonds

Claimed Tariff

Entry Number

No Entry Number ☐

Protestant Number

Protestant Name

Protest Type

Port Code

Summons Number

Test Summons Number



**Lead Protest Number**

**Center ID**

Search    Reset



## Search Results ()

Download Documents

Showing 1 to 1 of 1 records

Filter:

| | Protest Number | Protest Type | Date Received | Protest Status | Protestant Number | Protestant Name | Center ID |
|---|---|---|---|---|---|---|---|
| ☐ | 530120102026 | 514 | 02/04/2020 | Denied | | INTERMETAL REBAR LLC | CEE005 |

Show 10 records    Previous  1  Next



## Protest # 530120102026

AD Request    Input by Trade

Action ▾

**Protest Status**
Denied

**Protest Type**
514 Protest

**Date Received**
02/04/2020

**Entry Number**
92L00039739

**Importer Number**

**Port Code**
5301

**Team Number**
055

**Decision Date**
**Center ID**
CEE005 - Base Metals

**Protest Filer Number**

**Protest Filer Type**
Attorney
**Refund C/O Number**

**Protestant Number**

**Protestant Type**
Importer/Consignee

**Substitute Party Number**
**Substitute Party Type**

**Issue**
Classification
**Secondary Issue**
Other
**Claimed Tariff**

**Internal Advice Number**
**Denied Claim Number**
**Lead Protest Number**

**AFR Requested**
NO
**Accelerated Disposition**
YES

**Sample Provided**
NO
**CBMA Acknowledged**

**Reason for Protest** •••

We hereby protest the decisions by Customs & Border Protection ("CBP") to liquidate the
above-referenced entries of our client Intermetal Rebar LLC, located at 10800 Biscayne
Blvd., Ste. 870, Miami, Florida 33161 ("Intermetal"), with assessment of steel tariffs on

| | | |
|---|---|---|
| Decision () | Entries () | Parties () |
| Summons () | History () | Documents () |
| Post Decision () | | |

Case 1:20-cv-00167-CRK-JCG-GSK    Document 4    Filed 09/01/20    Page 17 of 21



Additional Arguments
()

Decision
Denied

Comments
Deemed Denied

Date/Time:
03/05/2020 11:59 PM



**Search Protest ()**                                                                  ⌄

Protest Number

530120103892

Protest Status

Date Received From

Date Received To

Issue

AD/CVD
Bonded Warehouses
Bonds

Claimed Tariff

Entry Number

No Entry Number ☐

Protestant Number

Protestant Name

Protest Type

Port Code

Summons Number

Test Summons Number



Lead Protest Number

Center ID

Search Reset

Search Results ()

Download Documents

Showing 1 to 1 of 1 records

Filter:

| | Protest Number | Protest Type | Date Received | Protest Status | Protestant Number | Protestant Name | Center ID |
|---|---|---|---|---|---|---|---|
| ☐ | 530120103892 | 514 | 05/20/2020 | Denied | | INTERMETAL REBAR LLC | CEE005 |

Show 10 records

Previous 1 Next

Protest # 530120103892

AD Request Input by Trade

Action

**Protest Status**
Denied

**Protest Type**
514 Protest
**Date Received**
05/20/2020
**Entry Number**
92L00042352

**Importer Number**

**Port Code**
5301
**Team Number**
055

**Decision Date**
**Center ID**
CEE005 - Base Metals

**Protest Filer Number**

**Protest Filer Type**
Attorney
**Refund C/O Number**

**Protestant Number**

**Protestant Type**
Importer/Consignee

**Substitute Party Number**
**Substitute Party Type**

**Issue**
Liquidation/Reliquidation
**Secondary Issue**
Classification
**Claimed Tariff**

**Internal Advice Number**
**Denied Claim Number**
**Lead Protest Number**
530120102026

**AFR Requested**
NO
**Accelerated Disposition**
YES

**Sample Provided**
NO
**CBMA Acknowledged**
YES

**Reason for Protest**  •••

We hereby protest the decisions by U.S. Customs & Border Protection ("CBP") to liquidate
the above-referenced entry of our client Intermetal Rebar LLC, located at 10800 Biscayne
Blvd., Ste. 870, Miami, Florida 33161 ("Intermetal") with assessment of steel tariffs on

| Decision () | Entries () | Parties () |
| Summons () | History () | Documents () |
| Post Decision () | | |

